UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **RONNIE K. HONGO** | **CIVIL ACTION NO. 17-730-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaints filed in forma pauperis by pro se plaintiff Ronnie K. Hongo ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on June 5, 2017. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He claims his civil rights were violated by prison officials. He names Jerry Goodwin, Lonnie Nail, Tommy Garrett, John Huey, Angie Huff, and R. Rachel as defendants.

Plaintiff claims that when he arrived at David Wade Correctional Center in January of 2012, he was told that as a lifer he could keep his property and it would be stored. He claims that when he was locked-up on October 15, 2012, he wrote Warden Goodwin. He claims that in January of 2013, Warden Goodwin came to see him. He claims Warden Goodwin asked Colonel Nail about his property. He claims Colonel Nail gave his property to other inmates.

Plaintiff claims that the new DWCC posted policy states that inmates no longer have to send their property home or destroy it. He claims that if an inmate's property is contraband, the inmate will be written up.

Plaintiff claims that on August 17, 2015, he was locked-up for a rule violation. He claims Lt. Burn was ordered to escort him to the south compound gate and did not seal his locker boxes. Plaintiff claims that when he requested his locker boxes, he was told that they were lost.

Plaintiff claims that on October 13, 2015, he received one of his locker boxes. He claims he informed Captain Huey that one of his locker boxes was missing and that he wanted to send his property home. He claims Captain Huey wanted him to sign a confiscation form stating that his property was contraband.

Plaintiff claims that on October 22, 2015, his second locker box was found. He claims that once the seal was removed from the box, he noticed that property was missing. He claims he asked Captain Huey to record that his property and two stacks of his legal work were missing. Plaintiff claims Captain Huey again wanted him to sign a confiscation of contraband form stating that his property was contraband. He claims he told Captain Huey that he would go to Captain Nail's office and remove the books and magazines from his property so he could mail his property home.

Plaintiff claims he never granted Colonel Nail consent to destroy his property. He claims he requested to send his property home, but only one of his locker boxes could be found.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's claim should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e).

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities secured by the Constitution or laws of the United States" by a person acting under color of state law. Accordingly, the initial inquiry and threshold concern of the reviewing court is whether Plaintiff's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S. Ct. 1908 (1981).

The property of which Plaintiff was allegedly deprived can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment and its loss is worthy of redress if the loss implicates constitutional rights. See id. at 542, 107 S. Ct. at 1916. However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 433 U.S. 137, 99 S. Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must be intentional and plaintiff must allege specific facts which support such a conclusion.

Absent an intentional deprivation of property where the charge only supports a negligent failure by defendants, a constitutional deprivation does not lie. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986). Moreover, even in instances where intentional deprivation occurs where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. See Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984), on remand, 744 F.2d 22 (4th Cir. 1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984). Mere assertions of intentionality are not enough in the absence of specific facts supporting the assertions and "even if the taking were intentional, the state could afford the [plaintiff] due process by providing a post-deprivation remedy for the redress of the unforeseeable, unauthorized injury... alleged." Lewis v. Woods, 848 F.2d 649, 652 (5th Cir. 1988). Louisiana law provides Plaintiff the opportunity to seek redress for his loss, whether intentional or negligent. See La. Civ. Code art. 2315.

Accordingly, Plaintiff has failed to state a claim cognizable under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds his complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in

making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993); <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the court finds that the Plaintiff's complaint lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

    **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge